IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD WILLIAMS, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> LYCOMING, A TEXTRON CO., et al., ) <br> ) <br> ) <br> Defendants. ) <br> _____ ) | 1:10-CV-02358 AWI SKO <br><br> ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S CLAIMS FOR INTENTIONAL TORT AND PUNITIVE DAMAGES <br><br> [Doc. #6] |

## BACKGROUND

This lawsuit arises from the alleged failure of Plaintiff Donald Williams' ("Plaintiff") airplane engine while he was flying on July 14, 2010. Defendant AVCO Corporation and its Lycoming Engines Division ("AVCO") move to dismiss Plaintiff's claims for intentional tort and punitive damages pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1]  Plaintiff has filed a Statement of Non-Opposition to AVCO's motion.  For the reasons that follow, the motion will be granted.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6)**,** a claim may be dismissed because of the

---

[1]    The Court notes that AVCO was erroneously sued by Plaintiff as "Lycoming, (A Textron Co.)."

plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. Johnson v. Riverside Healthcare Sys., 534 F.3d 1116, 1121 (9th Cir. 2008); Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). In reviewing a complaint under Rule 12(b)(6), all allegations of material fact are taken as true and construed in the light most favorable to the non-moving party. Marceau v. Blackfeet Hous. Auth., 540 F.3d 916, 919 (9th Cir. 2008); Vignolo v. Miller, 120 F.3d 1075, 1077 (9th Cir. 1999). The Court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1056-57 (9th Cir. 2008); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). Although they may provide the framework of a complaint, legal conclusions are not accepted as true and "[t]hreadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50 (2009); see also Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003). As the Supreme Court has explained:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007). To avoid a Rule 12(b)(6) dismissal, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

> The plausibility standard is not akin to a 'probability requirement,' but it asks more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'

2

Case 1:10-cv-02358-AWI-SKO Document 26 Filed 02/16/11 Page 3 of 4

. . .

> Determining whether a complaint states a plausible claim for relief will . . . be a context specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief.

Iqbal, 129 S.Ct. at 1949-50. "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. United States Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009).

## ALLEGED FACTS

The Complaint alleges that on July 14, 2010, Plaintiff was flying his Piper Arrow airplane near the Madera County Airport. (Doc. 1-1 at 5.) Shortly after takeoff, Plaintiff's engine "suffered a catastrophic failure." Id. Plaintiff was able to land safely, but "experienced a considerable amount of fear and anxiety." Id.

The Complaint alleges that Plaintiff's engine was manufactured by AVCO and improperly remanufactured by Defendant Elite Air Service ("Elite") because Elite used an unsuitable part that caused the engine failure. Id. The Complaint alleges that AVCO and Elite were aware that Elite's use of the improper part could result in engine failure, but failed to notify anyone about the problem. Id.

## DISCUSSION

AVCO contends that Plaintiff's claims for intentional tort and punitive damages fail to state a claim upon which relief can be granted. (Doc. 9 at 1.) Plaintiff states that he "has no opposition to the granting of [AVCO's] motion." (Doc. 12 at 1.)

With respect to Plaintiff's intentional tort claim, Plaintiff merely incorporates the allegations from his negligence cause of action. (Doc. 1-1 at 6.) Plaintiff fails to allege any facts explaining what intentional tort was committed. Therefore, Plaintiff has failed to state a claim for intentional tort.

3

With respect to Plaintiff's punitive damages claim, Plaintiff simply concludes that he is entitled to punitive damages because AVCO was guilty of oppression, fraud and malice. Id. at 7. There are no factual allegations explaining how Plaintiff was guilty of oppression, fraud and malice. Therefore, Plaintiff has failed to state a claim for punitive damages.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that AVCO's Motion to Dismiss Plaintiff's claims for intentional tort and punitive damages is GRANTED.

IT IS SO ORDERED.

Dated:   February 16, 2011

CHIEF UNITED STATES DISTRICT JUDGE

4