1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

11 | DONALD WILLIAMS,                          CASE NO. 1:10-cv-02358-AWI-SKO

12 |                 Plaintiff,               **ORDER GRANTING MOTION FOR LEAVE TO FILE COMPLAINT-IN-INTERVENTION**

13 |         v.

14 | LYCOMING, A TEXTRON CO., et al.,

15 |                                          (Docket No. 33)

16 |                 Defendants.

17 | _____/

## I.  INTRODUCTION

On April 22, 2011, Federal Insurance Company ("FIC") filed this motion, seeking leave to file a complaint-in-intervention.[1]  (Doc. 33.)  Defendant AVCO Corporation ("AVCO") filed a statement of non-opposition (Doc. 35) on May 19, 2011, and no party filed an opposition. Accordingly, the hearing set for June 1, 2011, is VACATED and the matter is hereby decided on the moving papers.

## II.  FACTUAL BACKGROUND

This action arises out of damage sustained by Plaintiff Donald Williams ("Plaintiff") to his 1968 Piper Arrow aircraft, which experienced "catastrophic" engine failure on July 14, 2010, while

---

[1] This motion was originally noticed before Chief Judge Anthony Ishii, who on April 26, 2011, ordered that the motion be reset and heard by Magistrate Judge Sheila K. Oberto.

he was flying near Madera City Airport. (Doc. 1-1, p. 5.)  Plaintiff contends that the aircraft engine was manufactured by Defendant AVCO and its Lycoming Engines Division, and was improperly re-manufactured by Defendant Elite Air Service ("Elite") using an incorrect part. (Doc. 1-1, p. 5.) Plaintiff alleges that AVCO and Elite were aware that Elite's use of the improper part could result in engine failure but failed to notify anyone of the problem. (Doc. 1-1, p. 5.)

FIC claims that Plaintiff was covered by its insurance policy and that FIC issued insurance payments under that policy in the amount of $29,822.61 to repair damage to the aircraft engine. (Doc. 33, 3:3-13.)  FIC seeks to file a complaint-in-intervention for purposes of subrogation.

### III.  DISCUSSION

Federal Rule of Civil Procedure 24 provides for two types of intervention – intervention of right and permissive intervention.  FIC seeks to intervene as a matter of right.

Fed. R. Civ. P. 24(a) addresses intervention of right and provides in pertinent part:

On timely motion, the court must permit anyone to intervene who:

. . .

(2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

There are "four requirements for intervention as of right: timeliness, an interest relating to the subject of the action, practical impairment of the party's ability to protect that interest and inadequate representation by the parties to the action. The rule is construed broadly in favor of applicants for intervention." *Greene v. United States*, 996 F.2d 973, 976 (9th Cir. 1993), *aff'd*, 64 F.3d 1266 (9th Cir. 1995).

### A.    FIC's Motion is Timely

FIC's motion is timely.  Three factors are used to determine timeliness: the stage of the proceedings, the prejudice to the parties, and the reason for and length of the delay.  *United States v. Oregon*, 913 F.2d 576, 588 (9th Cir. 1990).  This action has only been pending in this court since December 16, 2010, when the Notice of Removal was filed, and the Scheduling Order was issued on March 22, 2011. (Docs. 1, 30.)  As such, this action is still in the early stages of the proceeding.

There is no apparent prejudice to the parties, especially in light of the fact that no party has filed an opposition. Further, FIC only recently determined the amount it seeks in its claim, as FIC made its final insurance payment on April 13, 2011, eleven days before this motion was filed. (Doc. 33, Amador Decl., ¶¶ 3, 6, Exh. A.) As such, FIC's delay in filing was reasonable.

**B.      FIC's Interest Relates to the Subject of the Action**

FIC presents evidence that it has compensated Plaintiff in the amount of $29,822.61 for damages incurred to the aircraft engine, the subject of the instant action. (Doc. 33, Amador Decl., ¶ 3, Exhs. A, B; *see also* Doc. 1-1, p. 5.) FIC has an interest in seeking subrogation to ensure that these damages are compensated by the liable party. "Subrogation is the insurer's right to be put in the position of the insured, in order to recover from third parties who are legally responsible to the insured for a loss paid by the insurer." *Barnes v. Indep. Auto. Dealers Ass'n of Cal. Health & Welfare Benefit Plan*, 64 F.3d 1389, 1392 (9th Cir. 1995). Subrogation "'is designed to compel discharge of the obligation by the one who in equity should bear the loss.'" *Id.* (citation omitted). Here, intervention is appropriate to allow FIC the right to protect its subrogation interest and to ensure reimbursement.

**C.      FIC Has a Protectable Interest Which May be Impaired**

The party seeking intervention must demonstrate a "significantly protectable interest" in the litigation to merit intervention. *Nw. Forest Res. Council v. Glickman*, 82 F.3d 825, 837 (9th Cir. 1996). "Whether an applicant for intervention as of right demonstrates sufficient interest in an action is a practical, threshold inquiry. No specific legal or equitable interest need be established." *Greene*, 996 F.2d at 976; *Nw. Forest Res. Council*, 82 F.3d at 837. Here, FIC demonstrates that it has a protectable interest based on subrogation for the damages it paid to Plaintiff. FIC asserts that the disposition of this action may impair or impede its ability to protect its interest in subrogation.

**D.      Plaintiff's Representation of FIC's Interest May be Inadequate**

FIC further asserts that its interest may be impaired or inadequately represented by Plaintiff. No party has opposed this motion. As such, FIC has demonstrated that it is an interested party and should be permitted to intervene as a matter of right.

1

**IV.  CONCLUSION AND ORDER**

2

Accordingly, IT IS HEREBY ORDERED THAT:

3

1. FIC's motion for leave to file complaint-in-intervention is GRANTED.

4

2. FIC is ordered to file its complaint-in-intervention within two days of the date of this order.

5

6

IT IS SO ORDERED.

7

**Dated:    May 25, 2011**                            **/s/ Sheila K. Oberto**
                                                   UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4